IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY KEATLEY, SHAWNTELL KEATLEY, VIRGIL RASK, LINDA RASK, MATTHEW LINDLEY, and ROXANNE LINDLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO., and ACCUWEATHER ENTERPRISE SOLUTIONS, LLC,<br><br>Defendants. | NO. 8:21-CV-455<br><br><br>**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO REVISE ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT** |

## I. INTRODUCTION

Plaintiffs Larry Keatley, Virgil Rask, Matthew Lindley and their spouses bring this action against Union Pacific Railroad Company (Union Pacific) and AccuWeather Enterprise Solutions, LLC (AccuWeather), seeking damages for negligence and loss of consortium. Filing 41 at 4–5 (¶¶ 10–12). Defendant AccuWeather moved to dismiss Plaintiffs' claims against it for lack of subject matter jurisdiction, Filing 44, and the Court granted AccuWeather's Motion, Filing 51. The Court rejected Plaintiffs' assertion of supplemental jurisdiction over their claims against AccuWeather pursuant to 28 U.S.C. § 1367(a), noting that their "claim raises a novel or complex issue of State law." Filing 51 at 7. Plaintiffs' FELA claim against Union Pacific was unaffected by the Court's ruling. Presently before the Court is Plaintiffs' "Motion to Revise Order Dismissing AccuWeather under FRCP 54(b)" and "Motion for Leave to File a Second Amended Complaint Under FRCP

1

15." Filing 52. No party has filed a brief responding to Plaintiffs' Motions. Nevertheless, for the reasons stated below, the Court denies Plaintiffs' Motions.

### A. Motion to Revise

Plaintiffs purport to bring their Motion to Revise[1] under Federal Rule of Civil Procedure 54(b). Filing 52. Plaintiffs also note that the Court has previously stated, "[A] district court has the discretion under Rule 54(b) to revise a prior dismissal order to reinstate a previously dismissed party absent a final judgment." Filing 52 at 2 (citing *Nat'l Indem. Co. v. Aioi Nissay Dowa Ins.*, No. 8:22CV199, 2022 WL 4355608, at *1 (D. Neb. Sept. 20, 2022)). Plaintiffs further state, "The Eighth Circuit 'construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure.'" Filing 52 at 2. The Court concludes "that whether Rule 60(b) or Rule 54(b) applies to the motion[ ] for reconsideration in this case ultimately is not dispositive, where both prohibit reconsideration on the same grounds, both require a 'manifest error of law or fact' to justify relief, and both are committed to the district court's discretion." *Kuecker Logistics Group, LLC, v. Greater Omaha Packing Co., Inc.*, No. 8:20CV307, 2023 WL 8187406, at *6 (D. Neb. Nov. 27, 2023).

The Court recognizes that "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The*

---

[1] Plaintiffs title their Motion as one "to revise" but refer to it in their Brief as one "for reconsideration." The Court understands Plaintiffs to use these terms interchangeably.

*Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)).[2] Rule 60(b) provides,

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Eighth Circuit Court of Appeals has explained that a motion to reconsider a non-final order is construed as "one under Rule 60(b)." *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b)...." (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018))).

The Eighth Circuit Court of Appeals has elaborated on these standards, as follows:

> Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). "We will reverse a district court's ruling

---

[2] Rule 60(b) has no time limit for a motion to reconsider a non-final order other than "within a reasonable time— and for reasons (1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)], and (3) [fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b).

on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002). Relevant here, "[a]n error of law is necessarily an abuse of discretion." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

*Williams*, 891 F.3d at 706; accord *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)).

Thus, "[i]n the civil context, our court has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or ... present[ing] newly discovered evidence.'" *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [pursuant to Rule 60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))). This limitation means that "[a] court of appeals 'will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration [pursuant to Rule 59(e) or Rule 60(b)] in the district court.' " *Brown v. Louisiana-Pac. Corp.*, 820 F.3d 339, 348 (8th Cir. 2016) (quoting *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014), *cert. denied*, 574 U.S. 1156 (2015)). Nor will a district court. *Arnold*, 627 F.3d at 721 (explaining that a motion for reconsideration pursuant to Rule 60(b) "is also not the appropriate place to 'tender new legal theories for the first time'" (quoting *Hagerman*, 839 F.2d at 414)). Similarly, Rule 60(b) motions are not appropriate simply to reargue the merits of a claim or prior motion. *Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants

4

did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

Here, Plaintiffs contend they are entitled to the requested relief "on the basis of mistake, inadvertence, surprise or excusable neglect," namely, by pleading supplemental rather than diversity jurisdiction between themselves and AccuWeather. Filing 52 at 3. They explain, "In opposition, Plaintiffs attempted to cure the jurisdictional pleading deficiencies by referencing matters outside of the complaint, but inadvertently failed to also move the court for leave to amend in the alternative or to attach a proposed amended complaint to their opposition. Plaintiffs mistakenly believed that the court would *sua sponte* grant leave to amend in the event the motion to dismiss was granted." Filing 52 at 3. Plaintiffs cite *Kimbrough v. Douglas Cnty. Corr.*, No. 8:23CV49, 2023 WL 6387979 (D. Neb. Sept. 28, 2023), where another judge of this Court *sua sponte* granted leave to amend to "a prisoner proceeding in forma pauperis." *Id.*, at *1.

The Court concludes that neither Plaintiffs' "inadvertent[ ] fail[ure] to [ ] move the court for leave to amend in the alternative or to attach a proposed amended complaint to their opposition" nor their "mistaken[ ] belie[f] that the court would *sua sponte* grant leave to amend in the event the motion to dismiss was granted" rise to the level of "manifest errors of law or fact or ... present[ing] newly discovered evidence.'" *Luger*, 837 F.3d at 875. Unlike in *Kimbrough*, Plaintiffs are not prisoners proceeding in forma pauperis. Plaintiffs are represented by counsel. *See* Filing 52 at 7. Even if *Kimbrough* controlled—which it does not, *Intervarsity Christian Fellowship/USA v. Univ. of Iowa*, 5 F.4th 855, 865–66 (8th Cir. 2021) ("A decision of a federal district court judge

5

is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted)—it is sufficiently distinguishable such that Plaintiffs' asserted reliance on it is wholly unreasonable. Accordingly, Plaintiffs' Motion to Revise pursuant to Rule 60(b) is denied.

### B.  Motion for Leave to Amend

Plaintiffs base their Motion for Leave to Amend on Rule 15 and refer the Court to the standard furnished by Rule 15(a)(2) for granting leave to amend pleadings. Filing 52 at 3; *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, Rule 15(a)(2) does not apply because Plaintiffs sought leave to amend after the deadline for amendment established by the Court's earlier scheduling order had passed. Filing 39 ("The amended complaint shall be filed by June 1, 2023."). "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir.2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* Plaintiffs' Motion for Leave to Amend was filed on October 24, 2023, more than four months past the deadline of June 1, 2023. Filing 52. Therefore, the more burdensome good-cause standard applies.

Rule 16(b) states that district courts "must issue a scheduling order" that "limit[s] the time to . . . amend the pleadings," and that a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b). "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Sherman*, 532 F.3d at 716 (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule

6

16(b) 'would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *Id.* The Eighth Circuit has explained good-cause standard for granting leave to amend under Rule 16(b):

> "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" [*Sherman*, 532 F.3d at 716] (quoting *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir.2006)). We generally "will not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* at 717. Instead, we "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.* Where there has been "no change in the law, no newly discovered facts, or any other changed circumstance ... after the scheduling deadline for amending pleadings," then we may conclude that the moving party has failed to show good cause. *Id.* at 718.

*Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (alterations in original).

Here, the Court concludes that Plaintiffs have failed to show good cause because "there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings.'" *Id.* (quoting *Sherman*, 532 F.3d at 718). The only "changed circumstance," *id.*, was the Court's granting AccuWeather's Motion to Dismiss, Filing 51. However, this alone does not constitute good cause: as discussed above, Plaintiff's "mistaken[ ] belie[f] that the court would sua sponte grant leave to amend in the event the motion to dismiss was granted" was wholly unreasonable. In addition, Plaintiffs were not diligent: Plaintiffs failed to plead the diversity jurisdiction statute and facts that could show the parties were diverse, even though they could have. Filing 52 at 3. Despite being put on notice about the deficiency of their pleading on June 28, 2023, when AccuWeather filed its Motion to Dismiss, Filing 44, Plaintiffs moved for leave to amend on October 24, 2023, nearly four months later. Filing 52. Therefore, Plaintiffs' Motion for Leave to Amend is denied.

## II. CONCLUSION

For these reasons, the Court denies Plaintiffs' Motion to Revise and Motion for Leave to Amend. Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Revise Order Dismissing AccuWeather Under FRCP 54(b) and Motion for Leave to File a Second Amended Complaint Under FRCP 15, Filing 52, is denied.

Dated this 22nd day of December, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge